**UNITED STATES of America, Plaintiff,**

v.

**Douglas BERGNER, Russell "Rusty" Prevatte, Robert A. Soy, and Jerry Williams, Defendants.**

**No. HCR 92–042(3).**

United States District Court, N.D. Indiana, Hammond Division.

June 10, 1992.

Ronald J. Kurpiers, II, Asst. U.S. Atty., Hammond, Ind., for plaintiff.

Arlington Foley, Merrillville, Ind., for defendant, Bergner.

James Foster, Hammond, Ind., for defendant, Williams.

David Chidester, Valparaiso, Ind., for defendant, Prevatte.

Robert E. Truitt, Valparaiso, Ind., for defendant, Soy.

## ORDER

LOZANO, District Judge.

This matter is before the Court on Robert A. Soy's ("Soy") Motion to Sever, and Motion for Transfer, filed May 29, 1992. Being advised in the premises, this Court hereby GRANTS Soy's Motions in part and DENIES Soy's Motions in part.

*Motion to Sever*

By his Motion to Sever, Soy argues that Counts Twenty–Two, Twenty–Three, and Twenty–Four of the indictment against Jerry Williams ("Williams"), and no other defendant in this case, are improperly joined under Rule 8 of the Federal Rules of Criminal Procedure. Williams is charged with conspiracy in Count One and with obstruction of justice in Counts Twenty–Two, Twenty–Three, and Twenty–Four of the indictment. Soy claims that the inclusion of Williams in this action will create an unduly prejudicial effect on the jury due to his position as a former police officer and the fact that he is charged with breaches of public trust. As a result of this prejudicial effect, Soy argues that he will be deprived of a fair and impartial trial.

Moreover, Soy claims that a severance is necessary because joinder is improper under Rule 8(a) and (b) of the Federal Rules of Criminal Procedure.

**(a) Joinder of Offenses.** Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

**(b) Joinder of Defendants.** Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transactions or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

Rule 8(a) applies only to offenses joined against a single defendant. *United States v. Moya–Gomez,* 860 F.2d 706, 766 (7th Cir.1988), *cert. denied,* 492 U.S. 908, 109 S.Ct. 3221, 106 L.Ed.2d 571 (1989). Thus, when more than one defendant is charged, Rule 8(b) must be applied. *Id.* Accordingly, the joinder of Counts Twenty–Two, Twenty–Three, and Twenty–Four was permissible only if they were joined pursuant to the "same series of acts or transactions constituting an offense or offenses" as required by Rule 8(b). *Id.* · The "same series of acts or transactions" means that the acts or transactions are undertaken pursuant to a common plan or scheme, and in the usual case, "that the acts or transactions are parts of a single conspiracy." *United States v. Velasquez,* 772 F.2d 1348, 1353 (7th Cir.1985), *cert. denied,* 475 U.S. 1021, 106 S.Ct. 1211, 89 L.Ed.2d 323 (1986). "It is well established that a conspiracy charge is a proper basis for joinder under Rule 8(b)." *United States v. Garner,* 837 F.2d 1404, 1412 (7th Cir.1987), *cert. denied,* 486 U.S. 1035, 108 S.Ct. 2022, 100 L.Ed.2d 608 (1988). "Proper joinder is determined from the face of the indictment." *United States v. Briscoe,* 896 F.2d 1476, 1515 (7th Cir. 1990).

In *United States v. Velasquez,* five defendants were charged with trafficking cocaine, and three were charged with conspiracy to retaliate against two government informants. 772 F.2d 1348, 1351 (7th Cir. 1985). One defendant, Galvan, was charged with heroin violations unrelated to any other offenses charged in the indictment. *Id.* On appeal, the defendants argued that they should not have been indicted and tried together for all of the offenses charged. *Id.* at 1352. The Seventh Circuit Court of Appeals concurred with the defendants' arguments and stated that:

> There was misjoinder in the present case with respect to the heroin charges against Galvan. The indictment does not relate those charges to any of the charges against the other defendants named in the indictment, and the defect is not merely a technical oversight in pleading. No evidence introduced at trial connected the heroin charges to any of the charges against other defendants. As Estevez was not involved in the heroin sales, there was no link between them and the retaliation. None of the other appellants was involved in the heroin sales and there is nothing to suggest that those sales were made pursuant to a common plan that included the cocaine sale. While selling heroin is "similar" enough to selling cocaine to have allowed the government to charge just Galvan with both types of sale in a single indictment (Rule 8(a)), the test for joining those charges with charges against other defendants is more stringent (Rule 8(b)), and was flunked.

> \*　　\*　　\*　　\*　　\*　　\*

> ... The test for misjoinder is what the indictment charges, not what the trial shows. (citation omitted) ... [T]he indictment makes now effort to tie Galvan's heroin dealings to the offenses charged against the other defendants, thus clearly violating Rule 8(b).

*Id.* at 1353–54. *See also United States v. Sophie,* 900 F.2d 1064, 1084 (7th Cir.1990); *United States v. Spector,* 326 F.2d 345, 350–351 (7th Cir.1963); *United States v. Lane,* 735 F.2d 799, 804–06 (5th Cir.1984);

*United States v. Hatcher,* 680 F.2d 438, 440–41 (6th Cir.1982). Consequently, to determine whether Counts Twenty–Two, Twenty–Three, and Twenty–Four were properly joined in connection with the Count One conspiracy charge, this Court must decide whether the allegations in the indictment establish a link between the obstruction of justice counts and the conspiracy charge in Count One.

Count Twenty–Two of the indictment charges Williams with obstruction of justice in impeding a pending proceeding before the Bureau of Alcohol, Tobacco and Firearms, by providing information to Russell "Rusty" Prevatte, in violation of 18 U.S.C. § 1505. The Count charges that these acts occurred in or about January 1992, in the Northern District of Indiana. Count Twenty–Three charges Williams with the same crime, except that it was committed on or about February 16, 1992, and Williams allegedly provided information to Russell "Rusty" Prevatte and Scott Prevatte. Count One of the indictment charges all the defendants with conspiracy to damage or destroy, by means of an explosive, real or personal property in violation of 18 U.S.C. § 844(i). As part of the conspiracy, the indictment alleges in overt acts Nos. 19, 20, 22, 23, and 24, various instances in which Williams fed his co-defendants information, thereby obstructing the proper administration of the law. As the acts arising under Counts Twenty–Two and Counts Twenty–Three of the indictment are tied into Count One to show a joint scheme or plan, and that the other co-defendants were involved in the commission of offenses in Counts Twenty–Two and Twenty–Three, joinder is proper because the Defendants participated in "the same series of acts or transactions constituting an offense or offenses."

However, joinder in Count Twenty–Four is a different matter. Count Twenty–Four charges that on or about March 8, 1992, Williams obstructed the administration of the law in a pending proceeding before the Bureau of Alcohol, Tobacco and Firearms, by altering the barrel on a twelve-gauge shotgun, in violation of 18 U.S.C. § 1505. In this Count, only Williams is named and none of his other co-defendants are named. Moreover, the acts charged in Count Twenty–Four of the indictment are not mentioned anywhere in the overt acts of Count One or in any other part of the indictment for that matter. Further, the conspiracy alleged in Count One began in October 1991, and terminated on or about February 16, 1992. Williams allegedly committed the acts in Count Twenty–Four on March 8, 1992, a date outside the time period of the conspiracy. As such, joinder of this offense was an error.

■ Improper joinder requires a mandatory severance. *See United States v. Burton,* 724 F.2d 1283, 1286 (7th Cir.1984); *Spector,* 326 F.2d at 350. *See also Lane,* 735 F.2d at 804; *Hatcher,* 680 F.2d at 441; *United States v. Sutherland,* 656 F.2d 1181, 1190 n. 16 (5th Cir.1981), *cert. denied,* 455 U.S. 949, 102 S.Ct. 1451, 71 L.Ed.2d 663 (1982); *United States v. Chinchic,* 655 F.2d 547, 550 (4th Cir.1981); *United States v. Hilliard,* 436 F.Supp. 66, 72 (D.C.N.Y. 1977). Accordingly, this Court hereby DENIES Soy's Motion to Sever as to Counts Twenty–Two and Twenty–Three, and GRANTS Soy's Motion to Sever as to Count Twenty–Four.

*Motion to Transfer*

■ Soy also requests this Court to transfer this cause pursuant to Rule 21(a) of the Federal Rules of Criminal Procedure. Soy claims there is an enormous amount of adverse and prejudicial publicity due to the continuing newspaper, television, and radio coverage in this area, and as a result he cannot obtain a fair and impartial trial in this Court. Soy claims that "this barrage of adverse material" has incited the public so that demonstrations have been formed. He further avers that this case should not be tried in Hammond because the jury pool is comprised of alleged victims of the charged scheme, as they all live within the area covered by the unfavorable publicity. Moreover, Soy alleges that due to the large amount of high profile crimes in the last year in Northwest Indiana, an aura of fear has been created in the community, making it impossible for

Soy to obtain a fair and impartial trial in this Court. The Government objects to Soy's Motion and argues that the pretrial publicity in this case has not tainted the trial setting as inherently prejudicial.

Rule 21(a) provides as follows:

The court upon motion of the defendant shall transfer the proceeding as to that defendant to another district whether or not such district is specified in the defendant's motion if the court is satisfied that there exists in the district where the prosecution is pending so great a prejudice against the defendant that the defendant cannot obtain a fair and impartial trial at any place fixed by law for holding court in that district.

"There is no principle that high-visibility cases are untriable or must be tried in another state." *United States v. Reynolds*, 919 F.2d 435, 439 (7th Cir.1990) (citations omitted). A jury is not automatically rendered impartial due to mere exposure to pretrial publicity. *United States v. Beniach*, 825 F.2d 1207, 1213 (7th Cir. 1987). "In rare cases where pervasive and inflammatory pretrial publicity utterly corrupts the trial atmosphere, a court may presume the pretrial publicity prejudiced the accused." *Willard v. Pearson*, 823 F.2d 1141, 1146 (7th Cir.1987) (citations omitted). Where the presumption does not apply, however, the burden is on the defendant to establish that pretrial publicity "created actual juror prejudice against him." *Id.* (citations omitted).

This Court presumes from Soy's Motion that his argument concerns the type of pretrial publicity that renders the trial setting inherently prejudicial. In support of his Motion, Soy has attached various articles on the case reported by the Chicago Tribune, Chicago Sun Times, and the Hammond Times. After reading the articles supplied by Soy, this Court finds that while the material contained therein might be considered adverse, the articles were accurate and, for the most part, adhered to the charges in the indictment. Moreover, this Court finds that the reporting done on this case was not inflammatory in nature, nor pervasive. There is also no evidence that a blanket of fear has encompassed potential jurors. As such, this Court may not presume that pretrial publicity has prejudiced potential jurors so that Soy cannot obtain a fair and impartial trial in the Northern District of Indiana, Hammond Division.

Accordingly, since this Court finds that potential jurors are not inherently prejudiced, the burden is on Soy to show that pretrial publicity created actual juror prejudice against him. Thus, if Soy, during or after voir dire of potential jurors, believes that pretrial publicity has created actual juror prejudice against him, he may raise the issue by separate motion at that time.

CONCLUSION

Soy's Motion to Sever filed May 29, 1992, is GRANTED as to Count Twenty–Four of the indictment and DENIED as to Counts Twenty–Two and Twenty–Three of the indictment. In addition, Soy's Motion to Transfer filed May 29, 1992, is hereby DENIED.